UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| Prince Charles Cotton, Sr., | : | |
| Plaintiff, | : | Case No. 1:19-cv-00017 |
| vs. | : | Judge Michael R. Barrett |
| Donald E. Oda II, | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's March 14, 2019 Report and Recommendation (Doc. 11), in which she recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and, further, that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3) that any subsequent appeal would not be taken in good faith. Although received and docketed on March 29, 2019, Plaintiff's Objections were postmarked on March 27, 2019. (Doc. 13 at PageID 108–110). As such, they will be regarded as timely filed.

As reported by the Magistrate Judge, Plaintiff, proceeding pro se, brings this civil rights action against Warren County Common Pleas Judge Donald E. Oda II. Plaintiff alleges that, in connection with Judge Oda's rulings in a state court habeas corpus action, he was "prejudice[d] and denied equal protection of the law within Defendant's jurisdiction in this case." (Doc. 11 at PageID 93 (quoting Doc. 1, Complaint at PageID 13)). The Magistrate Judge concludes that Plaintiff's complaint is subject to dismissal at the screening stage because judges are afforded absolute immunity from damages for

1

acts they commit while functioning within their judicial capacity. *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254–55 (6th Cir. 1997). Moreover, judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love*, 766 F.2d 962 (6th Cir. 1985). Because Plaintiff does not allege that Judge Oda presided over a matter over which he was without subject-matter jurisdiction or that he performed non-judicial acts, the Magistrate Judge reasons that Plaintiff's complaint fails to state a claim upon which relief can be granted and recommends dismissal.

Plaintiff's multi-page Objections largely ignore the legal basis of the Magistrate Judge's recommendation. Specific to the issue of judicial immunity, however, Plaintiff cites *Forrester v. White*, 484 U.S. 219 (1988). *Forrester*, however, was an <u>employment</u> case:

> This case requires us to decide whether a state-court judge has absolute immunity from a suit for damages under 42 U.S.C. § 1983 for his decision to dismiss a subordinate court employee. The employee, who had been a probation officer, alleged that she was demoted and discharged on account of her sex, in violation of the Equal Protection Clause of the Fourteenth Amendment. <u>We conclude that the judge's decisions were not judicial acts for which he should be held absolutely immune</u>.

*Id.* at 220–21 (emphasis added). The pinpoint citation pages to which Plaintiff refers the Court completely supports, rather than undercuts, the Magistrate Judge's recommendation:

2

> This [United States Supreme] Court has never undertaken to articulate a precise and general definition of the class of acts entitled to immunity.  The decided cases, however, suggest an intelligible distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform. . . .  <u>Administrative decisions</u>, even though they may be essential to the very functioning of the courts, <u>have not similarly been regarded as judicial acts</u>.

*Id.* at 227–28 (emphasis added).  Judicial immunity was not extended to Judge White, who was found to be "acting in an administrative capacity when he demoted and discharged Forrester."  *Id.* at 229.  Those acts, the Supreme Court found, while "quite important in providing the necessary conditions of a sound adjudicative system," plainly "were not themselves judicial or adjudicative."  *Id.*  Here, the acts of which Plaintiff complains are quite clearly judicial and adjudicative.  Plaintiff's Objections, therefore, are not well-taken.

Having conducted a de novo review as required under 28 U.S.C. § 636(b)(1), the Court overrules Plaintiff's objections and **ACCEPTS** and **ADOPTS** the Magistrate Judge's March 14, 2019 Report and Recommendation (Doc. 11).  Accordingly, Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).  Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies, that, for the foregoing reasons, an appeal of this Order would not be taken in good faith and thus Plaintiff is denied leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court